# CIRCUIT COURT OF FAIRFAX COUNTY

Union Mills
Community Association

v.

Centreville Car Care, Inc.

February 3, 1999

Case No. L175515

BY JUDGE HENRY E. HUDSON

This matter is before the Court on the Defendant, Centreville Car Care's motion to disqualify Odin, Feldman, and Pittleman from representing Plaintiff, Union Mills. Defendant brought this motion because an Odin, Feldman associate, Thomas Tartaro, is President of Union Mills Community Association and a material witness in the case. The Court denies this motion without prejudice and with leave for Centreville Car Care to renew the motion at a later date, if appropriate.

After reviewing the file, the Court has not found any evidence that the substance of Tartaro's testimony will be seriously contested or that his credibility will be at issue. The Court also finds Tartaro's testimony likely to be corroborated. According to settled Virginia law,[1] a party seeking to disqualify counsel must meet a high standard of proof and cannot succeed on such a motion merely by advancing an imagined scenario of conflict. At this stage of the litigation, Centreville Car Care has not met its required burden.

The Court recognizes its responsibility to maintain the highest standards of professional conduct within the bar but also recognizes the rights of individual parties to employ counsel of their own choosing and the potentiality

---

[1] Rogers v. Pittston, 800 F. Supp. 350, 353 (W.D. Va. 1992), citing Tessier v. Plastic Surgery Specialist, Inc., 731 F. Supp. 724 (E.D. Va. 1990).

for abuse inherent in a rigid application of Canon Nine.[2] In this case, where Centreville Car Care has not alleged Tartaro's testimony to be contested and where his testimony appears to be corroborated by other witnesses, the Court will not order the severe remedy of attorney disqualification. If the material aspects of Tartaro's testimony are subsequently contested, the Court trusts Odin, Feldman, and Pittleman will re-evaluate the propriety of continuing as counsel in this matter, and Centreville Car Care may re-file this motion.

Therefore, the motion of January 29, 1999, is denied without prejudice.

---

[2] In re Chantilly Construction Corporation, 39 B.R. 466 (E.D. Va. 1984), warns against a rigid application of Canon Nine which would disqualify a firm anytime a mere appearance of impropriety was involved.